**The People of the State of Illinois, Plaintiff-Appellee, v. George Manna, Defendant-Appellant.**

**Gen. No. 11,895.**

Second District.

May 14, 1964.

Victor & Hennelly, of Rockford (Alex J. Victor, of counsel), for appellant.

Wayne R. Bettner, State's Attorney, of Oregon, for appellee.

ABRAHAMSON, P. J.

The defendant, George Manna, was sentenced to Vandalia for one year for driving a motor vehicle after revocation of his license for violation of Chapter 95½, Motor Vehicles, Sec 6–303, Illinois Revised Statutes, 1961.

The defendant offered no evidence in his own behalf, and, after being sentenced, filed his motion in arrest of judgment, alleging that a police officer should not have been permitted to testify regarding the defendant's alleged oral confession, because a list of the witnesses present was not served upon the defendant, as required by the Criminal Code. The motion was overruled and the defendant has appealed.

The facts, briefly, are these:

Herbert Malott came upon the scene of an accident approximately four or five miles north of Byron, Illinois, on Route #2 at approximately 4:00 a. m., October 10, 1962. A car was crosswise in the road and a man, who was lying on the pavement on the driver's side, got up and hitchhiked a ride with a car going towards Rockford. The witness was unable to identify either the man who hitchhiked into Rockford or an officer who came upon the scene.

State Trooper Galindo, in answer to a call, found an automobile crosswise in the southbound lane and

a man lying half in and half out of the passenger side of the car and a woman lying on the back seat. The woman was pronounced dead at the scene of the accident and the man died the following day. That morning about 7:00 a. m. two officers, including Trooper Galindo, had a conversation with the defendant, who denied that he was driving the car involved in the accident, stating that he was a passenger.

On October 16 in the Sheriff's Office and in the presence of Galindo and two others, the defendant stated that earlier in the evening he and the other occupants of the car had been drinking in Rockford and Freeport. On their return from Freeport, at the junction of Routes 2 and 72, west of Byron, defendant started to drive. The last thing he recalled was leaving Byron on Route 2 going towards Rockford. The only two witnesses who testified for the People were Herbert Malott and Trooper Galindo. The Order of Revocation by the Secretary of State was admitted as an exhibit and indicated that the revocation was founded upon a conviction with a charge of driving while intoxicated.

The defendant relies on People v. Pelkola, 19 Ill2d 156, 166 NE2d 54 and People v. DuPree, 26 Ill2d 320, 186 NE2d 237 (a subsequent case to the same effect is People v. Shockey, 30 Ill2d 147, 195 NE2d 703) which hold that it is mandatory upon the State to furnish the names and addresses of witnesses to oral statements, pursuant to Chapter 38, Par 729, Illinois Revised Statutes, 1961. It is apparent that the statute was not complied with, in that neither the name of Malott nor Galindo appear on the information filed. The record fails to disclose any objection by counsel of the defendant's choice during the trial to any of the testimony. In fact, counsel cross-examined Trooper Galindo on who was present at the time of the conversation relating to the confession or admis-

116

sion. The objection was made for the first time and solely to Trooper Galindo's testimony in a Motion in Arrest of Judgment.

In the Pelkola case and DuPree case, supra, timely objections during the trial were made. In People v. LaCoco, 406 Ill 303 at Page 313, 94 NE2d 178, objection was made only to Lusader, the last of four unlisted witnesses, and assignment of error was held to be limited to his testimony alone. In People v. Seno, 23 Ill2d 206, at Page 209, 177 NE2d 843, by failing to call the alleged error to the trial court's attention by appropriate objection, the defendant was deemed to have waived the statutory requirement and could not for the first time raise the issue upon Writ of Error. In People v. Williams, 28 Ill2d 280, 192 NE2d 356, when the case was called for trial defense counsel did not claim surprise or raise any objection to the testimony of an unlisted witness. At no time during the trial did counsel object to such testimony and this assignment of error was therefore not considered upon review. Likewise, in the trial of the instant case, defendant waived the alleged error by failing to object at the appropriate time.

██ It is next contended that the conviction of the defendant is based solely and wholly on his admission or confession; that one of the elements of the corpus delicti is the driving of the vehicle involved in the accident by the defendant. While it is true that admissions standing alone are insufficient to sustain a judgment of conviction, People v. Mowry, 6 Ill2d 132, 126 NE2d 683, People v. LaCoco, 406 Ill 303, 94 NE2d 178 and People v. Hobbs, 400 Ill 143, 79 NE2d 202, we do not find the defendant's admissions to be the only evidence against him in this cause, as any circumstances inspiring belief in the truth of the confession arising out of the conduct of the accused, or otherwise, is sufficient corroboration, People v. Jones,

117

26 Ill2d 381, 186 NE2d 246. We find that the facts and circumstances herein set forth corroborate the admission or confession of the defendant so as to be within the rule of People v. Jones, supra.

Defendant's guilt was proven beyond a reasonable doubt. The judgment of the County Court of Ogle County is affirmed.

Judgment affirmed.

CARROLL and MORAN, JJ., concur.