**People of the State of Illinois, Plaintiff-Appellee,
v. Aubrey Burks, Jr., Defendant-Appellant.**

**Gen. No. 50,644.**

First District, Third Division.

March 2, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall J. Hartman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was charged with attempted rape and aggravated battery.[1] Upon waiver of jury, he was tried by the court, found guilty and sentenced on January 26, 1965, to serve a term of five to ten years on the first charge and one to five years on the second. Six weeks thereafter, defense counsel filed a petition in the nature of a writ of error coram nobis, alleging that defendant had been adjudicated feebleminded and committed to an institution in 1945; that he had not disclosed his history of mental illness either to defense counsel or the court and that defense counsel discovered it by an examination of the records of the Municipal Court of Chicago. He concludes his petition with the statement that if the prior condition of mental disability had been presented, the trial court "would not have found the Defendant guilty" or would have conducted a sanity hearing prior to the trial, for which he prays. After a hearing the petition was denied, and it is from that order that defendant appeals. The facts follow.

Mrs. Betty Freeman testified that on July 3, 1964, at about 11:00 a. m. she was attacked by a man who had been hiding in her heating equipment store. The attacker, whom she later identified as the defendant, held a knife to her throat and indicated that he wanted to have sexual relations with her. When she resisted his advances, he beat her with his fists. Her two children were drawn to the scene by her screams, and the attacker fled. Mrs. Freeman pursued him into the street and asked the aid of a passing mail carrier, one Volante,

---

[1] Ill Rev Stats, ch 38, § 12–4(a) (1963).

"A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 10 years."

who saw the defendant enter an automobile and recorded its license number. On the basis of the license number and descriptions by Mrs. Freeman, Volante and another passerby, the police arrested defendant about two hours later.

At the trial defendant was represented by counsel engaged by him. His defense was an alibi based on his own testimony and that of his wife and two of his neighbors. At no time did his counsel represent that defendant could not cooperate with him.

The petition reveals that defendant was committed to the State Hospital at Dixon, Illinois, on September 21, 1945, and was discharged on May 2, 1946, pursuant to a motion made by the hospital superintendent in which he stated that defendant had escaped from the mental institution and was serving a sentence in the penitentiary. Thus more than 18 years elapsed between the time of defendant's discharge from the Dixon hospital and the time of his trial in the instant case. During the last nine years of that period he was employed, was married and had become a property owner.

The trial court heard argument on the petition and continued the case in order that defendant might be examined by the behavioral clinic. The clinic's report indicated that he was competent to cooperate with counsel. The trial court then offered to conduct a complete competency hearing if defense counsel so desired, indicating in his comments however that he was satisfied that defendant was able to and did cooperate with his counsel in the trial of the case. Following the colloquy with the court, defense counsel refused to accept the proposed competency hearing and stood on his request for a new trial.

 If facts which give rise to a *bona fide* doubt as to a defendant's sanity are brought to the attention of the trial court before or during trial, either from observation of the defendant or suggestion by counsel,

the court has a duty to impanel a jury to determine whether the accused is capable of understanding the nature of the charges against him and of cooperating with his counsel. People v. Richeson, 24 Ill2d 182, 181 NE2d 170; People v. Robinson, 22 Ill2d 162, 174 NE2d 820; People v. Burson, 11 Ill2d 360, 143 NE2d 239. If after a trial facts are uncovered which indicate that the defendant was unable to cooperate with counsel, then a new trial must be ordered. The court cannot confine the issue to determining the question of competency. Pate v. Robinson, 383 US 375 (1966); People v. Thompson, 36 Ill2d 332, 223 NE2d 97. It is clear therefore that the issue before us is whether or not the evidence presented in support of the petition raised a *bona fide* doubt as to the defendant's competency to stand trial.

■■ Where insanity is proved as existing at a particular time it is presumed to continue until the presumption is disproved. People v. Maynard, 347 Ill 422, 179 NE 833. This presumption however can be rebutted by evidence of lapse of time during which period the defendant's conduct was normal. Glenn v. People, 9 Ill2d 335, 135 NE2d 336; People v. Samman, 408 Ill 549, 97 NE2d 778.

■ Defendant entered a plea of not guilty, testified in his own behalf and presented an alibi defense. Neither his lawyer nor anyone concerned in the trial of the case expressed any doubt as to his competency. The trial court, having observed the defendant during the trial and taking into account the long lapse of time (twenty years) since his commitment, his subsequent discharge from the hospital, his serving of two prison terms followed by a period of nine years in which he worked steadily, married, acquired property and apparently led a normal life, properly came to the conclusion that there was no *bona fide* doubt that defendant had

the ability to understand the nature of the charges against him and was able to cooperate with his counsel.

The order denying the petition in the nature of a writ of error coram nobis is affirmed.

Order affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.