**People of the State of Illinois, Plaintiff-Appellee, v. Kenneth Holmes, Defendant-Appellant.**

**Gen. No. 54,316.**

First District, Third Division.

July 2, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Harold A. Cowan, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Arthur Lewis

Belkind, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant Kenneth Holmes was charged with the crime of burglary. After a jury trial, he was found guilty of that charge and sentenced to a term of twelve to thirty years. He appeals, contending that he was not proved guilty of burglary beyond a reasonable doubt, and also that the sentence imposed by the court was excessive. The evidence adduced at trial was as follows.

On January 4, 1969, about 9:30 a. m. defendant was apprehended by the owner in the basement of a wholesale meat market located at 2025 West Cermak Road, Chicago. The basement of the premises was used for the storage of equipment such as handtrucks.

The owner of the meat business, Nick DiCarlo, testified that on the previous evening he had installed a new lock on the basement door, had removed a wooden stairway and had boarded up a wall. On the morning in question, he and his wife went down to the basement. He was carrying a gun and flashlight because the basement had been broken into a few days earlier. He noticed defendant sitting in a chair by the wall; he flashed his light at defendant and told his wife to call the police. Defendant was awake. Defendant's clothes were soiled and full of coal dust, and his shoes had plaster on them. There was a coal bin in the basement. The lock to the basement door was gone and there was a glove holding the door shut. DiCarlo asked defendant what he was doing there, and he replied: "None of your f—ing business." Defendant then asked DiCarlo for a cigarette, and DiCarlo gave him one. Defendant subsequently started to come at DiCarlo, but

211

he fired a warning shot and held him at gunpoint for the police. DiCarlo testified that he informed the Grand Jury that defendant said nothing to him. He explained this by stating that he was too embarrassed to use defendant's language.

Officers Oleczkiewicz and Ross of the Chicago Police Department responded to the call made by the owner's wife and arrested defendant. A search of defendant revealed that he had a glass cutter and a pair of gloves covered with coal dust in his pockets. Officer Ross testified that the lock on the basement door had been pried off but that he did not make a thorough search of the area for the lock. He also saw a little storage area with an open door which had been pried open.

Defendant testified that he was walking on Cermak Road at about 8:30 a. m. or 9:30 a. m. It was a very cold day, and he had no place to sleep. He noticed a building in which he used to play as a child, went downstairs and found the door open. He entered the basement and laid down on a lounge chair. DiCarlo found him sleeping. Defendant also testified that he did not enter the building in order to commit a theft.

On cross-examination, defendant stated that he had written a letter to his mother from the County Jail asking her to change her story. He stated in the letter that he was sorry to ask her to lie, but asked that she testify that he did not sleep at home on the night of the incident. On redirect examination, defendant testified that he had slept at home on the evening in question, but only for an hour, and left before his father came home.

Defendant first contends that he was not proved guilty of burglary beyond a reasonable doubt, arguing that the evidence failed to establish the requisite intent on his part. The Criminal Code, Ill Rev Stats 1969, c 38, § 19–1 (a) provides in part as follows:

"A person commits burglary when without authority he knowingly enters . . . a building . . . with intent to commit therein a felony or theft."

Defendant maintains that the State failed to prove that he intended to commit a felony or theft, and that the evidence supported a hypothesis that he was attempting to sleep.

■■ While intent must be proved beyond a reasonable doubt, it may be inferred from the facts and circumstances. People v. Gooch, 70 Ill App2d 124, 217 NE2d 523 (1966). In People v. Jackson, 98 Ill App2d 296, 240 NE2d 482 (1968), the court held at p 300:

"Defendants argue that there was reasonable doubt that a crime was committed because nothing was taken from the station and there was no testimony that anything had been disturbed or removed. However, the crime of burglary is complete upon the entering with intent to steal, and it is not essential to allege or prove that anything was taken."

In People v. Rossi, 112 Ill App2d 208, 250 NE2d 528 (1969), the court held at pp 211–12:

"In the absence of inconsistent circumstances, proof of unlawful entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary."

■■ In the instant case, there was no dispute as to defendant's presence on the premises, nor did he claim that he had received permission to enter. His contention was that he merely sought a warm place to sleep. This testimony was contradicted by the owner, who testified that defendant was not sleeping. It was also refuted by defendant's admission that he wrote to his mother, asking her to say that he had not slept at

213

home on the evening in question. Additionally there were other facts which could support an inference of entry with intent to steal. When arrested, defendant had a glass cutter on his person with a pair of gloves covered with coal dust. He made an obscene remark to the owner when asked what he was doing on the premises. Defendant also started to come at the owner, and was dissuaded only when a warning shot was fired. From these facts and circumstances, the jury as triers of fact reasonably could have drawn an inference that defendant intended to commit a theft after entering the basement. Although the basement lock was not recovered, it should be noted that one of the arresting officers testified that they did not make a thorough search of the area. While the fact that defendant's clothes were covered with coal dust, and that he had plaster on his shoes may have supported an inference that defendant used force to make entry into the premises, it is well settled so as not to require citation of authority that proof of entry by force is not essential in a prosecution for burglary.

Defendant also contends that his sentence of twelve to thirty years was excessive, and requests that this court exercise its authority to reduce the sentence. Supreme Court Rule 615(b)(4), Ill Rev Stats 1967, c 110A, § 615.

At the hearing in aggravation and mitigation, it was brought out that defendant was 22 years of age. He had four previous misdemeanor convictions and previously had been placed on probation for burglary.

■■ We are mindful that our Supreme Court has indicated that the authority to reduce sentences should be exercised by reviewing courts with considerable caution and circumspection. The People v. Taylor, 33 Ill 2d 417, 211 NE2d 673 (1965). However, despite defendant's previous criminal record, we believe that this

is a proper case for the exercise of the authority to reduce sentence. Viewing the offense and the attendant circumstances, we find that the sentence imposed was out of proportion to the nature of the offense committed. Therefore, the judgment and sentence are modified to provide that the sentence imposed on defendant be confinement to the penitentiary for a term of not less than eight years nor more than twenty years, and as so modified, the judgment is affirmed.

Judgment modified and as modified, affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.