People of the State of Illinois, Plaintiff-Appellee, v. Theodore Robinson, Defendant-Appellant.

Gen. No. 52,297.

First District, First Division.

September 21, 1970.

John T. McCarthy, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Donald N. Novelle, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

The defendant was charged with the crime of murder and was found guilty by a jury verdict on December 12, 1966. The sentence was fixed by the jury as a term of 30 years' imprisonment. This conviction was the result of a retrial after a previous conviction of the defendant was remanded for a new trial by a decision of the United States Supreme Court in Pate v. Robinson, 383 US 375 (1966). In that decision, the United States Supreme Court held that the defendant had been deprived of due process of law because at the defendant's previous trial on the same murder charge the trial court refused to conduct a sanity hearing to adjudge his competence to stand trial. The case was remanded for a new trial within a reasonable time. The matter was reinstated and a new trial was held, from which defendant now appeals.

This case was reinstated by order of court on April 21, 1966. On that date, the trial court ordered that the defendant be examined by the Cook County Behavior Clinic. Defendant was then represented by counsel who objected to this examination. The objection was overruled and the case was continued to May 5, 1966. The Behavior Clinic report, filed on May 5, concluded that the accused understood the nature of the charge and was capable of cooperating with his counsel. Defense counsel then presented a motion for a psychiatric examination of the defendant and the case was continued to May 12, 1966. This motion was granted on May 12 and the case

was continued on defense motion to May 27, 1966. On this next date, some discussion was had concerning the psychiatric examination of the defendant; the defendant insisted upon being examined by a psychiatrist connected with the Veteran's Administration; some question was raised as to whether the defendant wished the examination if a psychiatrist with a military background was selected or whether he desired any examination at all. The case was then continued to June 17, 1966 on defense motion. Subsequently, on June 17 and June 23, the cause was continued on the court's motion without any psychiatrist being appointed.

On June 24, 1966, the defendant expressed some disagreement with his counsel and defense counsel's motion to withdraw was granted. The Public Defender was appointed as counsel, to which the defendant objected, having expressed a desire to represent himself and the matter was continued to June 30, 1966 on defense motion. On June 30, 1966, the trial court ordered a hearing to be conducted to determine the defendant's competency to stand trial and the trial court also appointed a psychiatrist to examine the defendant on the court's motion. It was subsequently disclosed that the defendant refused to be examined by a court appointed psychiatrist. The competency hearing was held on August 19, 1966, which resulted in a finding that the defendant was competent to stand trial. There followed a number of continuances on motions of the State and the trial finally commenced on December 6, 1966. Since no question is raised concerning the sufficiency of the evidence, we will not set out the facts which resulted in defendant's conviction.

The first question raised by the defendant concerns the alleged denial of a speedy trial, in violation of Article II, section 9 of the Illinois Constitution and the statutory provision relating to that right. The statutory reference is to Ill Rev Stats, c 38, § 103–5(a) (1965), which provides:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant,

by a competency hearing, or by an interlocutory appeal."

Defendant recognizes that from the date of reinstatement of this case some of the delays were attributable to himself. However, he argues that from the date of June 30, 1966, to the date of trial the 120-day rule had been violated which would necessitate the reversal of his conviction and dismissal of the complaint. The defendant takes issue with the trial court's order of June 30, 1966, where a competency hearing was ordered and a psychiatric examination was set by order of court. Defendant contends "that the trial court clearly abused its discretion in ordering a competency hearing, that the 120-day period . . . was therefore not tolled and that the defendant is entitled to be discharged since he was not brought to trial within 120 days from June 30, 1966."

The State contends that the 120-day rule was tolled when the trial court acted within its discretion in ordering a competency hearing for the defendant. The contention is that once the competency hearing was concluded on August 19, 1966, a new period of 120 days commenced, and that the trial on December 6, 1966, was within this time limit. This contention would dispose of this issue if it is determined that the trial court acted properly in calling for a determination of defendant's competency to stand trial.

■■ The statutory authority for such a hearing is found in Ill Rev Stats, c 38, § 104–2(a) (1965), which provides:

"If before a trial . . . the court has reason to believe that the defendant is incompetent the court shall suspend the proceedings and shall impanel a jury to determine the defendant's competency."

This power has been held to rest within the discretion of the trial court. People v. Pridgen, 37 Ill2d 295, 226 NE2d 598 (1967); People v. Bortnyak, 39 Ill2d 545, 237 NE2d 451 (1968); People v. McGuirk, 106 Ill App2d 266, 245 NE2d 917 (1969). The application of the rule has been expressed in terms of a "bona fide doubt" as to an accused's competency. Thus, in People v. Burks, 80 Ill App

2d 324, 224 NE2d 668 (1967), this court stated at page 327–328:

> "If facts which give rise to a bona fide doubt as to a defendant's sanity are brought to the attention of the trial court before or during trial, either from observation of the defendant or suggestion by counsel, the court has a duty to impanel a jury to determine whether the accused is capable of understanding the nature of the charges against him and of cooperating with his counsel."

See also, People v. Harper, 31 Ill2d 51, 198 NE2d 825 (1964).

■ ■ We are of the opinion that sufficient facts were present in this case to warrant the trial court's order of a competency hearing which tolled the 120-day rule. The defendant has a long history of mental disorders as disclosed by the Behavior Clinic reports and as set forth in the majority opinion of the United States Supreme Court in Pate v. Robinson, 383 US 375 (1966).

Furthermore, this second trial was conducted after a mandate from the United States Supreme Court in which a new trial was ordered for failure to ascertain the defendant's competency at his previous trial. The record also discloses that the defendant disagreed with his counsel as to the trial tactics to be employed in his defense which resulted in the withdrawal of his appointed counsel. Subsequently, the defendant insisted on conducting his own defense, with the Public Defender merely advising the defendant. With these facts established, we feel that the trial court did not abuse its discretion in holding a competency hearing. Even though the Behavior Clinic's report established the defendant's competency, the trial judge cannot be criticized for taking the precaution of conducting a hearing which resulted in a jury verdict finding the defendant competent to stand trial. Therefore, we hold that the defendant was not deprived of the right to a speedy trial.

The defendant's second contention is that the trial court failed to hold a hearing in aggravation and mitigation before imposing the sentence. As stated above, the

jury's verdict of guilty also imposed the sentence of 30 years' imprisonment, from which the defendant now appeals. The defendant argues that the sentence should be vacated and this cause remanded to the trial court for a hearing on aggravation and mitigation and in the alternative, the defendant asks this court to reduce the sentence imposed by the trial court.

The question is whether the defendant was to be tried under the applicable statutory provisions of 1959 or under the 1965 statutory enactment. The 1959 Criminal Code provided in Ill Rev Stats, c 38, § 801 that:

> "In all cases where any person, male or female, over ten years of age, shall be charged with either of the offenses of misprison or treason, murder, voluntary manslaughter, rape or kidnapping, and the case shall be tried by a jury and the jury shall find the defendant guilty, the jury shall also by its verdict fix the punishment, and if the punishment imposed is imprisonment, the jury shall fix the term of such imprisonment."

The pertinent 1965 provisions are found in Ill Rev Stats, c 38, § 1–7 (b) and (g) which provide:

> "(b) Determination of Penalty

> "Upon conviction, the court shall determine and impose the penalty in the manner and subject to the limitation imposed in this Section.

> "...

> "(g) Mitigation and Aggravation

> "For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

The defendant argues that he was entitled to have his sentence imposed by the court and that a hearing on ag-

gravation and mitigation was mandatory unless this hearing was understandingly waived by the defendant. The State contends that the defendant did in fact waive his right to this hearing during the pretrial proceedings and at the commencement of trial. Defendant urges that the record is completely devoid of any affirmative election in this regard.

The record discloses that prior to trial, the defendant filed a motion to be tried under the 1959 statutes. It appears that on October 28, 1966, the defendant made reference to this motion and requested that he be tried under statutes of 1959 when the alleged crime was committed. On December 6, 1966, prior to the selection of the jury, the defendant then addressed the court regarding being tried under the 1959 statutes. The trial court responded that the 1959 statutes would apply and the defendant replied "Thank you, Your Honor." During voir dire examination reference was made to the fact that the jury would fix the amount of punishment. The defendant raised no objection to this reference.

██ We are of the opinion that the record reveals that the defendant made an election to be tried under the applicable criminal statutes of 1959. The jury was instructed accordingly and did impose the sentence involved in this appeal pursuant to chapter 38, section 801 of the Ill Rev Stats of 1959. The aggravation and mitigation hearing was unnecessary, in view of the waiver made by the defendant. Furthermore, we are of the opinion that this case does not warrant this court's exercise of its power to reduce the punishment imposed by the trial court. Ill Rev Stats, c 110A, § 615(b)(4) (1969). (Supreme Court Rule 615.) This power is to be cautiously exercised and only where substantial prejudice of the defendant's rights has occurred. This record is devoid of any such prejudice.

Therefore, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.