THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLENN D. CRAWLEY, (Impleaded), Defendant-Appellant.

(No. 11304;

Fourth District—March 11, 1971.

Morton Zwick, of Defender Project, of Chicago, (Frederick F. Cohen, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant was convicted of robbery and sentenced to the penitentiary. On this appeal, he alleges two errors which he says denied him due process of law and entitles him to a new trial.

He asserts that the State's Attorney twice advised the jury that the defendant was eligible to probation. The defendant relies upon *People v. Cimino*, 45 Ill.2d 556, 257 N.E.2d 97. In that case the State's Attorney in closing arguments stated "as a matter of fact, the defendant is eligible for probation in this case". The majority opinion condemned the statement as improper, but held that it did not constitute a material factor in the conviction and was therefore not reversible error. Justice Schaefer, dissenting, felt otherwise and pointed out that the prosecutor's statement was not true. The facts in our case do not fall into either category. In his opening statement, the State's Attorney referred to a co-defendant who would testify and stated "the evidence will further show that Mr. Banks has since pleaded guilty and is now on probation for the offense of which I speak" and when Mr. Banks took the witness stand for the prosecution, he was asked this question. "Q. Mr. Banks, are you the

same James Banks who entered a plea of guilty to the charge of robbery on June 17 against a Mr. Neal Organ and for which you are presently on probation?" "A. Yes, sir." The defendant argues that the plain inference from these facts is that since Banks and Crawley were co-defendants and Banks was on probation it necessarily followed that Crawley was eligible for probation and thus the jury was improperly influenced in this case by that inference.

■■ The defendant's position carries the rule of the impropriety of discussing the consequences of a conviction in argument to the jury beyond any of the cited cases. First of all, the controversy here does not relate to the defendant, but to a co-defendant. Secondly, the evidence elicited went directly to the credibility of the testimony of the co-defendant Banks. It requires no citation of authority to assert that this is a situation frequently arising where a co-defendant pleads guilty and testifies for the State and where the State "drops the pigeon" on the defense by stating in argument and asking of his witnesses those things which show an interest and might tend to discredit the weight of his testimony. The testimony of this co-defendant and the testimony of the victim were not contested and the defense concedes that the commission of the overt acts by the defendant upon which the robbery charged and the guilty verdict were based was not disputed by the defendant.

The sole defense was that the defendant was insane at the time of the robbery on June 17, 1969. Two psychiatrists testified that he was; two two psychiatrists testified that he wasn't. The defendant was originally found incompetent to stand trial. Some four months later, there was a second hearing in order to determine whether or not he was still incompetent to stand trial. At the second competency hearing, the jury was instructed:

"After considering all the evidence in this hearing, if you are convinced by a preponderance of the evidence that this defendant is incompetent, you will find by your verdict that the defendant is an incompetent person.

On the other hand, if you are not convinced by a preponderance of the evidence that this defendant is incompetent, you will find by your verdict that the defendant is not an incompetent person."

The defendant relies on *People v. Thompson*, 36 Ill.2d 332, 223 N.E.2d 97, in which a somewhat similar instruction was given and was held bad. It was held bad, however, because the only statement on the burden of proof was apparently a statement by the State's Attorney in his closing argument to the jury to the effect that the burden of showing the defendant's incompetence rested with the defense. As stated in *Thompson*, this statement was incorrect and the case was submitted to the jury

974

upon an improper theory and was necessarily reversed and remanded. In *People v. Lewis*, 112 Ill.App.2d 1, 250 N.E.2d 812, the form of the instruction was substantially similar to the instruction recited above that the State's Attorney stated to the jury that the burden of proof of incompetency by a preponderance of evidence is on the State. The court held that it was not reversible error under such circumstances to omit an instruction upon the burden of proof. Neither *Thompson* nor *Lewis* are controlling here.

■■ Neither counsel cited to us the statute, Ill. Rev. Stat. 1969, ch. 38, par. 104—2(c) which requires "the burden of going forward with evidence of the defendant's incompetency shall be on the party, if any, requesting that determination". The abstract of the record is wholly inadequate to indicate who requested the second competency hearing. We have, therefore, gone to the record and from it find that the People filed a petition alleging that reasonable grounds existed to believe that the defendant was now competent and requested a jury determination of his present mental state. From a supplemental record it appears that Dr. Sunderland testified that the defendant was able to understand the nature of the proceedings against him and to assist his counsel in his defense and that he was not psychotic. The supplemental record likewise indicates that the defendant presented no evidence in his own behalf. The supplemental record further indicates that in his final argument defense counsel told the jury that the only verdict they could reach based on the evidence was that the defendant was competent and was able to cooperate with counsel and to assist in his defense. We agree with Lewis that the better practice would warrant the giving of an instruction on the burden of proof. In this specific instance, however, where the defense offered no testimony and where the defendant's own counsel told the jury that the defendant was competent, we perceive no error or, if there was one, a waiver.

■■ It should be noted in Lewis that the court mentioned collaterally that the defendant's own psychiatrist later in the trial gave opinion testimony which had the effect of establishing the defendant's competency to stand trial. In the instant case, the only evidence the jury had to consider was medical testimony as to competency and the statement of defense counsel that the defendant was competent. Under the statute, a party found to be incompetent because of mental condition is committed to the Department of Mental Health during the continuance of that condition and under par. 104—3(b) when reasonable grounds exist to believe that an incompetent is now competent, the court in the county wherein the incompetent is confined or the court in which incompetency was found shall conduct a hearing "* * * to determine the person's

present mental condition". In the absence of an abstract or a record showing otherwise, we necessarily assume that this procedure was followed. We therefore conclude from this record that this defendant was competent to stand trial, that there was no error shown in this record in the procedure followed and accordingy the judgment of the circuit court is affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.