THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES BROWRY, Defendant-Appellant.

(No. 56567;

First District—November 8, 1972.

Victor G. Savikas and Frederick F. Cohn, both of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from judgments that convicted defendant of rape and burglary and from an order that dismissed his post-conviction petition without a hearing. A two-count indictment charged defendant with the two offenses. He was tried by a jury and found guilty. After hearing and overruling post-trial motions, the trial court sentenced defendant to serve concurrent terms of 15 to 25 years for rape and 10 to 20 for burglary.

In the appeal from the convictions, defendant contends that (1) he was entitled to a discharge because he was not brought to trial within 120 days from the date he was taken into custody; [1] (2) he was denied the right to effective assistance of counsel because his court-appointed lawyer did not move for his discharge when he was not tried within 120 days after he was taken into custody; (3) he was denied a fair trial because the trial court did not instruct the jury on the issue of consent and the elements of theft; (4) the sentences are excessive.

In the appeal from the order dismissing his post-conviction petition, defendant contends the dismissal was error because the petition alleged violations of his constitutional rights, allegations which were sufficiently supported by facts.

September 11, 1967, on the prosecutrix's complaint of rape and burglary, defendant was arrested. He never was admitted to bail. Before trial, he was given a psychiatric examination. It was reported to the trial court that defendant was unable to cooperate with counsel. Accordingly, the court ordered a competency hearing. On October 4, 1967, he was found incompetent to stand trial and the court committed him to the custody of the Illinois Department of Mental Health.

On May 28, 1968, it being thought he had recovered, defendant was released to the custody of the sheriff of Cook County. One month later, the charges against defendant were reinstated, the Public Defender was appointed to represent him and a psychiatric examination was ordered. This time the report disclosed that defendant knew the nature of the charges against him and was able to cooperate with his counsel. On July 26, 1968, counsel petitioned for a hearing to determine defendant's competency. A jury was impaneled, and on the evidence submitted, a verdict was directed finding that defendant was competent. Pleas of not guilty were entered and the cause continued for trial. Then, either on motion of the State or by order of court, the cause was continued from time to time

---

[1] Ill. Rev. Stat. 1967, ch. 38, par. 103—5(a)

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal.

(b) *　　*　　*
(c) *　　*　　*
(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

until October 24, 1968 when the State filed a petition to extend the time for trial under the provisions of Section 103—5(c) of the Criminal Code.[2] The petition was granted. From time to time, the cause was continued until December 19, 1968 when the trial began. Neither before nor after his conviction, did defendant make any claim that he was entitled to discharge because he was not brought to trial in compliance with the 120-day statute.

■■ Now, in this court, defendant contends that he should have been discharged because 149 days elapsed between May 28, 1968, when he was released to the custody of the Cook County sheriff and October 24, 1968 when the State petitioned for extension of the 120-day period. Defendant, however, does not tell us how he could have been discharged when before his conviction neither he nor anyone for him called to the trial court's attention his claim to a discharge. It is well settled that a defendant who wants the benefit of the 120-day statute must make application for discharge before he is convicted. (See *People v. Stahl*, 26 Ill.2d 403, 404, 186 N.E.2d 349; *People v. Kelley*, 105 Ill.App.2d 481, 244 N.E.2d 818.) If he does not, he waives the right to contend that he was denied a speedy trial. (*People v. Williams*, 28 Ill.2d 280, 192 N.E.2d 356; *People v. Hill*, 3 Ill.App.3d 286, 278 N.E.2d 441.) This is the law whether a defendant is represented by counsel of his choice or one appointed by the court. See *People v. Reader*, 26 Ill.2d 210, 186 N.E.2d 298.

■■■ Overlooking for the moment this failure to request a discharge, the record discloses that the trial delay was caused by defendant. On September 19, 1967, at his request, and for his benefit, he was given a psychiatric examination. It is recognized that the right to a speedy trial can be lost when an accused requests a psychiatric examination to determine his competency. (See Annot., 57 A.L.R.2d 302, 313.) And, it is well settled that in a proper case delay to ascertain a defendant's mental capacity to stand trial is not only permissible; it does not infringe on the constitutional right to a speedy trial nor violate the statute enacted to implement the constitutional guarantee. (*People v. Benson*, 19 Ill.2d 50, 55, 166 N.E.2d 80; *People v. Jenkins*, 101 Ill.App.2d 414, 243 N.E.2d 259.) The psychiatric report that followed told the trial court that defendant was unable to cooperate with his counsel. This report warranted the October 4, 1967 order for the competency hearing. The order tolled the

---

[2] Ill. Rev. Stat. 1967, ch. 38, par. 103—5(c)

"(c) If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."

120-day rule. (*People v. Robinson*, 130 Ill.App.2d 29, 33, 264 N.E.2d 484.) Defendant was found incompetent and on October 5, 1967 he was committed for the duration of his incompetency.

■■ On May 28, 1968, when there were grounds to believe that defendant could stand trial, he was released by the Department of Mental Health to the sheriff of Cook County. (See *People v. Crawley*, 131 Ill.App.2d 971, 267 N.E.2d 755; Ill. Rev. Stat. 1967, ch. 38, par. 104—3 (b).) Then, on motion of his court-appointed counsel, he was subjected to another psychiatric examination. Acting on the results of that examination, defendant's counsel, on July 26, 1968, petitioned for a competency hearing. This hearing was held and on that day the jury was directed to find defendant competent to stand trial. As a result, and for the first time after October 5, 1967, defendant was legally competent, with the statutory right to be tried within 120 days, or within the extended period the trial court had the power to grant. (Ill. Rev. Stat. 1969, ch. 38, par. 103—5(a)(c); *People v. Robinson*, 130 Ill.App.2d 29, 32-33, 264 N.E.2d 484.) Defendant was brought to trial on December 19, 1968. This was within the 60-day extension that was granted on October 24, 1968. (See *People v. Tamborski*, 415 Ill. 466, 114 N.E.2d 649; *People v. Allen*, 1 Ill.App.3d 197, 272 N.E.2d 296.) These facts show that defendant was not entitled to a discharge because of delay in bringing him to trial.

As his second contention, defendant points to the fact that his court-appointed lawyer did not move for his discharge under the 120-day statute. He argues that this resulted in his being denied effective assistance of counsel at his trial. Defendant insists that this failure cannot be construed as a waiver by him but rather as an abridgement of his constitutional rights. In support, he cites *People v. Morris*, 3 Ill.2d 437, 121 N.E.2d 810, a case in which one defendant was discharged because he was not brought to trial within the time required by law. Had the Public Defender checked the court records, he would have discovered that Morris was similarly entitled to discharge. A timely motion would have obtained Morris' discharge from custody. It was the Public Defender's failure to move for Morris' release, coupled with meagre preparation and scant attention to the case, which led the Supreme Court to conclude that the conduct of Morris' court-appointed counsel "\* \* \* did not measure up to that expected of a competent and conscientious trial attorney." (3 Ill.2d 437 at 452.) *Morris*, then, was a case in which, had the motion for discharge been made, it would have been granted. This was a case, had the motion for discharge been made, it would have been denied. It is hard to point to a greater difference between two cases. We conclude that *Morris* does not apply to the issue before us.

Defendant's third contention concerns the trial court's instructions to

the jury. It will be recalled that defendant was charged with having sexual intercourse with the prosecutrix by force and against her will and with having entered her hotel room with the intent to commit theft. Defendant contends that the trial court, on its own, should have instructed the jury on the elements of theft and on the issue of consent. Its failure to do so, defendant argues, denied him a fair trial. Defendant relies on *People v. Davis,* 74 Ill.App.2d 450, 221 N.E.2d 63, where the charge was attempt robbery but no instruction on the elements of robbery was given the jury.

■■ In this case, defendant concedes that the jury was instructed on the elements of rape and burglary. He insists, however, that it was the trial court's duty to give the jury an instruction on the elements of theft because "[t]heft is not a self-defining term but is a precise and technical legal concept." In *People v. Parks,* 133 Ill.App.2d, 273 N.E.2d 162, where as in this case, the charge was burglary, we were faced with the same contention. We said that "* * * the word 'theft' is a simple word of common usage. As defined in every dictionary, it means simply the unlawful taking of property. No instruction to this effect was necessary."

■■ Concerning his contention that the trial court should have instructed the jury on the issue of consent, defendant argues that his defense to the rape charge was consent by the prosecutrix. Therefore, defendant insists, the trial court, without being tendered an instruction on the subject, erred in not instructing the jury on that issue. However, it has long been the law in this State that a trial judge has no duty to instruct a jury on his own motion. (*People v. Lindsay,* 412 Ill. 472, 484, 107 N.E.2d 614; *People v. Baker,* 8 Ill.2d 522, 524, 134 N.E.2d 786.) A defendant has the responsibility of tendering instructions which bear on the theory of his defense. (*People v. Davis,* 74 Ill.App.2d 450, 453, 221 N.E.2d 63.) Defendant did not tender the instructions he now says the trial court should have given. Under these circumstances, the trial judge had no obligation to instruct the jury on his own, and his failure to do so did not deny defendant a fair trial. See *People v. Carvin,* 20 Ill.2d 32, 36, 169 N.E.2d 260; *People v. Porterfield,* 131 Ill.App.2d 167, 268 N.E.2d 537; *People v. Lenker,* 6 Ill.App.3d 335, 285 N.E.2d 807.

Defendant's fourth contention is that in this case the sentences of 15 to 25 for rape and 10 to 20 years for burglary are excessive. He argues that the evidence showed he had no criminal record and there was proof that he suffered from a mental condition. Therefore, defendant insists, the minimum sentences imposed by the trial court are out of proportion to the nature of the offenses of which he was convicted. We agree with this contention.

■■ When we are asked to reduce a sentence, the defendant's lack

of previous criminal record is a factor we consider. (*People v. Brown*, 132 Ill.App.2d 302, 270 N.E.2d 501; *People v. Crews*, 42 Ill.2d 60, 244 N.E.2d 593.) Our power to reduce sentences is exercised with caution and circumspection. However, we bear in mind the mandate of our constitution that "[a]ll penalties shall be proportioned to the nature of the offense * * *." (Ill. Const. art. II, sec 11; *People v. Nelson*, 127 Ill.App.2d 238, 262 N.E.2d 225.) In this case, after reviewing the evidence which shows the circumstances under which the offenses were committed, the conduct of the parties involved and defendant's background, we conclude that the record does not warrant the sentences imposed by the trial court. (See *People v. Livingston*, 117 Ill.App.2d 189, 254 N.E.2d 64; compare *People v. Lillie*, 79 Ill.App.2d 174, 223 N.E.2d 716; *People v. Holmes*, 127 Ill.App.2d 209, 262 N.E.2d 45; *People v. Buford*, 133 Ill.App.2d, 272 N.E.2d 738 (abst.).) It is our judgment that the appropriate sentences would be 5 to 15 for rape and 1 to 10 for burglary, to be served concurrently. In deciding on these sentences, we have considered the punishment warranted by the evidence, the protection of the public and defendant's potential for rehabilitation which his lack of criminal record indicates. (See *People v. Buell*, 120 Ill.App.2d 367, 256 N.E.2d 845.) We will now review defendant's appeal from the order that dismissed his amended post-conviction petition.[3]

In a separate section, the petition contained 20 paragraphs which alleged the failures of his court-appointed counsel, before and during defendant's trial. These failures range from the omission of counsel to move for defendant's discharge under the 120-day statute to the absence of objections when the prosecutrix gave answers to questions asked by the prosecuting attorney. The petition, however, is bare of allegations from which it can be deduced that the things which defendant claims his counsel did not do could have been done, or that had they been done, the results of the trial would have been different.

■■ Hindsight is an incisive human faculty. Armed with it, a defendant can look back to the unpleasantness of his conviction and tell with precision what his counsel should have done prior to and during the trial. Our law, however, requires that a post-conviction petition contain more than a catalogue of failures on the part of counsel for the defense. It requires that the petition contain factual allegations which when supported by evidence, will show substantial prejudice to the rights of the defendant and from which it can be established that the outcome of the trial, had those failures not occurred, would probably have been different. See

---

[3] Defendant's petition was filed under the provisions of the Post-Conviction Hearing Act. See Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*

*People v. Dudley,* 46 Ill.2d 305, 308, 263 N.E.2d 1; *People v. Morris,* 3 Ill.2d 437, 121 N.E.2d 810.

■■ Before a post-conviction petitioner becomes entitled to an evidentiary hearing, he must, in his petition, plead factual allegations, not conclusional statements. The allegations must make a substantial showing that constitutional rights were violated at his trial. (*People v. Hysell,* 48 Ill.2d 522, 527, 272 N.E.2d 38; *People v. Arbuckle,* 42 Ill.2d 177, 179, 246 N.E.2d 240.) A post-conviction petition that does not comply with these requirements may be dismissed without a hearing. (*People v. Spicer,* 47 Ill.2d 114, 264 N.E.2d 181; *People v. Morris,* 43 Ill.2d 124, 251 N.E.2d 202.) In this case, defendant's amended post-conviction petition did not meet these requirements. Its dismissal without a hearing was proper. See *People v. Dudley,* 46 Ill.2d 305, 263 N.E.2d 1.

Therefore, we affirm defendant's conviction for rape and burglary and the order that dismissed his amended post-conviction petition. We modify the sentences imposed by the trial court to provide that the sentence for rape be confinement in the penitentiary for a term of not less than 5 nor more than 15 years and the sentence for burglary be confinement in the penitentiary for a term of not less than one year nor more than 10, the sentences to be served concurrently.

Affirmed and sentences modified; order dismissing petition affirmed.

SCHWARTZ and GOLDBERG, JJ., concur.