THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL WAYNE THOMPSON (Impleaded), Defendant-Appellant.

Fourth District   No. 14373

Opinion filed May 19, 1978.

Richard J. Wilson and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield, for appellant.

John L. Harshman, State's Attorney, of Pittsfield (Robert C. Perry and Marc D. Towler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

A Pike County Circuit Court jury found defendant Michael Wayne Thompson guilty of murder. The court sentenced him to 50 to 150 years' imprisonment. On appeal, he contends that the trial court (1) violated his right to due process in a proceeding to determine his competency to stand trial by improperly instructing the jury as to the burden of proof, (2) violated his sixth amendment right to compulsory process by denying him leave to call his codefendant as a witness, and (3) abused its discretion by imposing too severe a sentence.

We reverse and remand. In doing so, we need examine only the first claim of error because we conclude that the trial court inadvertently violated defendant's due process rights by the instruction on the burden of proof.

At the time of the trial, section 5—2—1(i) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(i)) stated that where, as here, the defendant raises the question of his incompetency, he

has the burden of proof on the issue. The trial court here so instructed the jury and the defendant did not object. Subsequently, in *People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307, the supreme court ruled the statutory provision to be unconstitutional because once the accused raises a bona fide doubt as to his fitness to stand trial and the court sets a hearing on the question, due process requires that the burden be upon the State to prove the defendant's fitness. The State does not dispute the defendant's contention that the ruling has retroactive effect (*People v. Hubert* (1977), 51 Ill. App. 3d 394, 366 N.E.2d 909). We agree. Accordingly, the conviction could be affirmed only if the constitutional error in instructing was harmless beyond a reasonable doubt. See *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.

In arguing that the error was harmless, the State relies principally upon the decision in *People v. Goff* (1978), 57 Ill. App. 3d 384, 373 N.E.2d 71; *People v. Crawley* (1971), 131 Ill. App. 2d 971, 267 N.E.2d 755; and *People v. Lewis* (1969), 112 Ill. App. 2d 1, 250 N.E.2d 812. All of these cases concern possible error in allocation of the burden of proof in proceedings to determine an accused's fitness to stand trial. *Goff* was an appeal from a bench trial. The record there gave no indication that the judge applied the wrong rule. We did not assume that he did so merely because the hearing occurred after section 5—2—1(i) took effect and before *McCullum*. The judge's finding was strongly supported by the evidence.

*Crawley* and *Lewis* were decided before the adoption of section 5—2—1(i) and at a time when the case law precedent was that the State had the burden of proof in fitness hearings. In *Crawley*, the trial court had given an instruction placing the burden on the defendant but the evidence was so strong that the defense counsel told the jury that his client was fit. In *Lewis*, no instruction on burden of proof was requested or given but the prosecutor stated in closing argument that the defendant had the burden to prove his fitness. Because of the strength of the proof, the appellate court ruled that no reversible error occurred. Neither of these two opinions discussed the error in terms of any constitutional problem being involved.

In the instant case, on the other hand, the allocation of the burden of proof was of greater significance.

Prior to arraignment, defendant's counsel filed a petition requesting a competency hearing. The petition was amended by the addition of counsel's affidavit in which she stated that (a) in several conversations with defendant, he appeared not to understand what she was telling him, (b) he had told her that during some of the court proceedings and their discussions he had a feeling "that nothing is real" and that "he is two people," (c) at other times he told her that he felt he was "someone else

standing outside himself watching the proceedings," and (d) he had told her that he had recently been discharged from the Navy because of "unsuitable character and behavior disorder." The trial court found that "there may be a question" of defendant's fitness to stand trial and ordered a competency trial.

The sole evidence of consequence at the hearing was the testimony of the psychiatrist appointed by the court to examine the defendant. The testimony of this doctor was based mostly upon an interview with the defendant lasting about an hour and some examination by him of the defendant's records. The doctor described the defendant's feelings set forth in the affidavit accompanying the petition as being manifestations of anxiety rather than being hallucinations. He stated that in his opinion the defendant was able to understand the charge against him and to cooperate with his counsel. Possession of those two abilities is the criterion for fitness to stand trial. Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(a).

However, the doctor also testified that defendant had complained of loss of memory which could have arisen from his condition of being an episodic alcoholic or possibly from a concussion suffered two years earlier, although the latter cause was unlikely. The doctor further stated that although periodic memory loss would not impair defendant's ability to understand the charges, it "conceivably" could impair his ability to cooperate with counsel if his memory loss was of events connected with the alleged offense. Because the defendant had not been permitted to discuss these events with the doctor, the doctor could form no definite opinion as to whether there would be any material loss of memory in this respect.

It is because of the somewhat inconclusive nature of the doctor's testimony that the allocation of the burden of proof takes significance in this case. If the burden was on the defendant, it is difficult to see how a jury could have found him to be unfit. With the burden on the State, however, a different result would not be as unlikely. The State's case depended upon a one hour interview with defendant. Although much of the doctor's uncertainty was likely due to the defendant's evasiveness, the doctor recognized the possibility of a loss of memory impairing defendant's ability to cooperate. The picture of the defendant was one of instability. He professed not to know that he had been indicted. On this record, the jury could have concluded that the evidence was insufficient for the doctor to determine whether defendant was competent. For this reason, we cannot find the error in the instruction to be harmless beyond a reasonable doubt.

■■ Defendant is entitled to a new fitness hearing. Because of the difficulties of now holding a hearing to determine if defendant was

competent at the time he was tried, we are required to reverse his sentence and conviction (*Hubert; Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836) and to remand for a new fitness hearing. If he is then found fit to be tried, the trial court should proceed with a trial.

Reversed and remanded.

CRAVEN and TRAPP, JJ., concur.