The People of the State of Illinois, Plaintiff-Appellee, *v.* John Hugley, Defendant-Appellant.

(No. 70-177;

Fifth District—October 13, 1971.

Theodore Gottfried, of Defender Project, of Chicago, (Kenneth L. Gillis, of Defender Project, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (C. H. Stegmeyer, Assistant State's Atorney, of counsel,) for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant John Hugley was found guilty of robbery after a jury trial in the circuit court of St. Clair County. He contends that the trial court

erred in overruling his motion for discharge made pursuant to Ill. Rev. Stat. 1967, ch. 38, par. 103—5, which provides:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, * * *

(d) Every person not tried in accordance with subsections (a) * * * of this Section shall be discharged from custody * * *."

The record reveals that defendant was arrested on December 19, 1967, and remained continuously in custody without being admitted to bail until his trial on June 12, 1968. The chronological order of events occurring during the interim is as follows:

February 21, 1968—Transferred to Security Hospital in the Illinois State Penitentiary at Menard.

March 7, 1968—He was returned from Menard with a finding "not in need of mental treatment."

March 11, 1968—Arraigned and pleaded not guilty.

April 16, 1968—A petition suggesting incompetency was filed by the State which alleged:

"That subsequent to the arrest to said defendant for the crimes for which he was indicted it was brought to the attention of the Petitioner that the defendant was in need of mental treatment as defined in Section 1—11 of the Mental Health Code and that while incarcerated in the St. Clair County Jail awaiting trial, the defendant attempted to do violence to himself and others and was on the 21st day of February, 1968 admitted to the Security Hospital at Menard under an Order whereby the defendant was declared to be a person in need of mental treatment. And therefore this Petition is filed suggesting to the Court that the defendant may be incompetent to stand trial within the meaning of Chapter 38 Article 104 Illinois Revised Statutes, 1967."

No notice of the filing of this petition was given to defendant or his lawyer and on April 16, 1969, the same date as the petition was filed, the trial court entered an order appointing two psychiatrists to examine him and also ordered a jury to be impaneled prior to his trial to determine his competency to stand trial.

■■ On April 30, 1968 defendant, through his counsel, made a motion to discharge defendant pursuant to Ill. Rev. Stat. 1967, ch. 38, par. 103—5.

Appellant first contends that the record discloses that the motion made by the state for an examination to determine his competency to stand

trial was not made in good faith, but was made only for the purpose of depriving the defendant of his right to a speedy trial within 120 days as required by Ill. Rev. Stat. 1967, ch. 38, par. 103—5. The law in this regard is succinctly stated in *People v. Benson,* 19 Ill.2d 50 at 55:

"Considering the demands of due process, as outlined in People v. Burson, 11 Ill.2d 360, it is our opinion that, in a proper case, a delay necessitated for the purpose of ascertaining a defendant's sanity and mental capacity to be subjected to criminal prosecution is a permissible delay which does not impair or infringe upon the constitutional right to a speedy trial, or violate the statute enacted to implement the constitutional provision. However, a mere arbitrary suggestion of insanity will not suffice, and whether such ground constitutes a good cause for delay in a given case must be a matter resting within the discretion of the trial court, to be resolved from the particular facts and circumstances before it. On review, the ruling will not be disturbed unless the record shows a clear abuse of discretion. People v. Kendall, 7 Ill.2d 570."

We note that the petition suggesting incompetency filed by the state suggested to the court that the defendant might be incompetent to stand trial solely on the ground that he was in need of mental treatment as defined in Ill. Rev. Stat. 1967, ch. 91—½, par. 1—11, which reads:

" 'Person In Need of Mental Treatment', when used in this Act means any person afflicted with mental illness, not including a person who is mentally retarded, as defined in this Act, if that person, as a result of such mental illness, is reasonably expected at the time the determination is being made or within a reasonable time thereafter to intentionally or unintentionally physically injure himself or other persons, or is unable to care for himself so as to guard himself from physical injury or to provide for his own physical needs."

The Security Hospital in the Illinois State Penitentiary at Menard returned the defendant as "not in need of mental treatment". While the Security Hospital has not been asked to determine if the defendant was able to stand trial, if not able, he would have been retained in the Security Hospital. Thus the very act of returning defendant without mentioning his ability to stand trial implied that he was able to stand trial.

If the State questioned the accuracy of the findings made at the Security Hospital (or the implications arising therefrom), the State should have proceeded with reasonable dispatch after defendant's return on March 7 to have a new examination.

■■ Under the circumstances of this case, where the actions of the defendant which form the basis for questioning his ability to stand trial

occurred prior to his treatment at the Security Hospital in February and no valid reason is given for waiting until April 16 to file the petition, we find the petition was not filed in good faith.

While we recognize that considerable latitude is required in these matters, the record here indicates that this petition was filed merely for purposes of delay. Hence, to allow it to toll the statute would violate defendant's right to a speedy trial.

For the foregoing reasons the judgment of the circuit court of St. Clair County is reversed.

Judgment reversed.

CREBS and JONES, JJ., concur.