THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PAUL L. GIBSON, Defendant-Appellee.

(Nos. 57373-79 cons.;

First District (5th Division)—July 12, 1974.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and William K. Hedrick, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Marc L. Fogelberg and John T. Moran, Jr., Assistant Public Defenders, of counsel), for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal by the State from the dismissal of criminal charges defendant for violation of the fourth-term rule embodied in section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 103—5(a)[1]). It is contended that a competency examination ordered after a motion filed on behalf of the State requesting such an examination tolled the running of the 120-day rule.

Seven indictments charged defendant with the crimes of armed robbery, robbery, attempt robbery, theft, and bail jumping. On March 17, 1971, on defendant's motion, it was ordered that he be examined by the Behavior Clinic. In a letter dated March 31, 1971, Dr. E. J. Kelliher concluded that defendant was not competent to stand trial. However, at a competency hearing conducted on April 5, 1971, a jury found defendant to be competent, and judgment was entered on this finding. On defendant's motion the case was continued until May 5, 1971.

Thereafter, following three more continuances, none on the motion of defendant, the case was called on July 6, 1971. On that date the State represented to the court that it had been Dr. Kelliher's opinion that defendant was suffering from "a progressive type of mental disease" and consequently there existed a "bona fide doubt or bona fide question as to Mr. Gibson's competency." Defendant immediately pointed out that on April 5 a jury had determined that he was competent to stand trial. The court responded that the finding notwithstanding, it felt "duty bound" to order "another behavior clinic examination." Defendant, who had been incarcerated for 10 months, then inquired whether the order for an examination would "break" his term. The court assured him that it would

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 103—5, provides in pertinent part that:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act * * *."

not since the examination was ordered "on the motion of the State." The court thereupon entered an order for a behavior clinic examination and continued the case until July 19, It stated that:

> "* * * we will set it for subpoenas as to the bail jumping and the State may have, depending on what the results are, a competency hearing if it so desires, but at any rate, we will proceed on one or the other."

On July 19 Dr. Kelliher filed a report concluding that defendant was competent to stand trial. Defense counsel stated that he was prepared to go to trial. The State, however, requested a continuance, requesting a mid-August date since it felt "we have a term, approximately September." On the State's motion the case was continued until August 23 with subpoenas on the bail jumping charge only. On August 23, again on the State's motion, the case was ordered continued until September 9.

Defendant on September 9, filed his petition for discharge under section 103—5. A hearing was held the following day at which it was adduced that the State elected to proceed only on the bond-jumping charge because it was "the only good case they had." The trial judge in granting defendant's motion stated that:

> "The Court does not believe the Court suspended the trial, the Court does not believe that the Court acted in accordance with section 104—2. The Court set this case for trial the next date."

Rather, on July 6 it granted "a request by the State for a psychiatric examination and a continuance to July 19th for the case in chief."

OPINION

One hundred twenty-seven days passed from May 5, 1971, the date defendant's term began to run, until September 9, 1971, the date on which he filed his petition for discharge, thereby invoking the 120-day rule of section 103—5. During this period no delay in the proceedings was "occasioned by the defendant." (Ill. Rev. Stat. 1969, ch. 38, par. 103—5.) It is the State's contention that despite this fact, defendant's term was tolled by the July 6 order for a psychiatric examination, and therefore the court below erred in granting his petition for discharge.

■■ The Fourth Term Act states that a defendant's term is tolled by an order for a competency examination ordered pursuant to section 104—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 104—2 [2]). Not all orders for competency examinations meet the prescriptions of this act. For example, it has been held that a petition filed merely

---

[2] Ill. Rev. Stat. 1969, ch. 38, par. 104—2, provides in pertinent part that:
  "(a) If before a trial * * * the court has reason to believe that the defendant is incompetent the court shall * * * impanel a jury to determine the defendant's competency. * * *"

for purposes of delay will not toll the running of a defendant's term. (*People v. Hugley,* 1 Ill.App.3d 828, 275 N.E.2d 178.) Rather, only where a bona fide doubt as to a defendant's competency has been raised will an order for a behavior clinic examination meet the requirements of section 104—2. (*Cf. People v. Lawrence,* 132 Ill.App.2d 513, 270 N.E.2d 510.) A bona fide doubt as to a defendant's competency to stand trial exists where it is unclear whether he understands the nature and purpose of the proceedings against him or is unable to assist in his own defense. (See Ill. Rev. Stat. 1969, ch. 38, par. 104—1.) Thus an individual may be competent to stand trial despite the fact that he is mentally disturbed or defective and requires psychiatric treatment. (*Withers v. People,* 23 Ill.2d 131, 177 N.E.2d 203.) In determination whether a bona fide doubt exists, courts have taken into consideration such factors as a defendant's "lucidity" and his comprehension of the significance of the proceedings against him. (See *People v. Brown,* 132 Ill.App.2d 302, 270 N.E.2d 501.) In addition, reliance has been placed upon the fact that a defendant was found competent following an evidentiary hearing shortly before a request for a second mental examination had been made. (*Brown.*) The determination of a trial court with regard to the issue of whether a bona fide doubt as to competence has been raised will, of course, be given great weight by a court of review. *People v. Southwood,* 49 Ill.2d 228, 274 N.E.2d 41.

In the case at bar the trial judge plainly stated that he did not believe the second behavior clinic examination was ordered pursuant to section 104—2. Rather, he indicated that on July 6 he merely granted a request for a psychiatric examination and had no desire that the trial should be long postponed. He noted, moreover, that the order for an examination clearly did not interfere with the State's preparation for trial. The State, manifesting a desire to go forward only on the bail-jumping charge, appeared to concur with the view of the trial court that the examination was not ordered in accordance with section 104—2. On July 13 the assistant State's Attorney, in requesting an August trial date, indicated that the prosecution believed that it was confronted with a "September term."

Furthermore, in reviewing the record we find that the State on July 6 brought nothing to the attention of the court that would give rise to a bona fide doubt as to defendant's competence to stand trial. The assistant

---

In the most recent amendments to our Criminal Code, section 104—2 was repealed and section 5—2—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(c)) enacted to cover this subject matter. We note that our legislature neglected to amend section 103—5 at the time the new provision was enacted and consequently it still refers to examinations "for competency ordered pursuant to Section 104—2 * * *." See Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a).

State's Attorney referred to a behavior clinic report which indicated that defendant might be suffering from a progressive mental disorder. Three months before, however, a jury having presumably considered this report, found him competent. Defendant on July 6 did not behave in a manner which would indicate that his mental state had deteriorated during the intervening 3 months. Indeed, he appeared to be quite lucid and displayed a remarkable understanding of his procedural rights.

■■ For the foregoing reasons we find that the court below correctly ruled that the order for a mental examination issued July 6 did not toll defendant's term and consequently we affirm its discharge of defendant.

Affirmed.

BARRETT and LORENZ, JJ., concur.