THE PEOPLE *ex rel.* CURTIS CHAPMAN, Petitioner-Appellant, *v.* DR. TERRY B. BRELJE, Administrator of the Psychiatric Division of the State Penitentiary at Menard, Respondent-Appellee.

(No. 73-94;

Fifth District—September 4, 1974.

Robert Farrell, of Mt. Vernon, and Allen L. Wiederer, of Chicago, both of State Appellate Defender's Office, for appellant.

Herbert J. Lantz, Jr., State's Attorney, of Chester (David P. Rau, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Randolph County dismissing a petition for a writ of habeas corpus for failure to state a cause of action. Petitioner contends that the trial court was in error not only in dismissing the petition without a hearing but also in failing to appoint a guardian *ad litem* to protect his interests.

Setting the background it appears that on May 25, 1949, petitioner was convicted of murder on his plea of guilty and he was sentenced to death. Five years later, on April 5, 1954, a jury determined that he was insane and he was committed to the Psychiatric Division of the State Penitentiary at Menard. On March 15, 1973, while still confined to the latter institution, he filed the present petition *pro se*. In his petition he raises no question concerning the lawfulness of his murder conviction, but, rather, limits his challenge to the jurisdiction of the court in his sanity

hearing on the grounds that he was not personally present at said hearing. He contends, therefore, that his commitment as an insane person was unlawful, and he requests that he be discharged, or in the alternative, that he be transferred to the general division of the penitentiary to await execution.

On appeal counsel does not argue this jurisdictional question for the reason that the court's records verify petitioner's presence at his sanity hearing. Instead, it is contended that the real issue presented by petitioner was whether he had regained his sanity; that habeas corpus is a proper remedy to obtain a judicial determination of that question (*People v. Young*, 80 Ill.App.2d 479); and that he was entitled to a hearing and the appointment of a guardian *ad litem* to insure that his personal rights were protected. *People ex rel, Suddeth v. Rednour*, 33 Ill.2d 278.

The State does not deny these principles but attempts to distinguish this case on its facts, arguing that such principles are applicable only in a proceeding where a person, who has been declared mentally incompetent, seeks to be declared competent. It is contended that petitioner here seeks only his release from his original murder conviction and that habeas corpus does not lie for such purpose unless such judgment was void because of a lack of jurisdiction or because of the happening of some event since his detention which would entitle him to release. (*People ex rel. Lewis v. Frye*, 42 Ill.2d 311.) In effect, the State would liken this petition to one of an ordinary prisoner attempting to attack his conviction on non-jurisdictional grounds, and not to one of an incompetent endeavoring to re-establish his competency.

We cannot view the petition in such a narrow manner. Obviously, it is not artfully drawn, but, under the circumstances, that is understandable. Petitioner has been confined since 1949 on his murder conviction, and since 1954 he has been held in the Psychiatric Division as a mental incompetent. Technically, he does not specifically allege a recovery from insanity, nor does he specifically request a judicial determination of that question as ordinarily would be required in a habeas corpus proceeding. Nonetheless, the main thrust of his petition is clearly directed towards the question of his sanity. He makes no challenge against his murder conviction; instead he challenges only the lawfulness of his commitment as an insane person. Impliedly, yet forcefully, he makes known his belief in his present sanity by specifically requesting a transfer from the psychiatric to the general division of the penitentiary. Under these circumstances, though technically deficient in its phraseology, the petition appears to us to have been a sufficient request for a judicial determination of his present sanity. We therefore find that the trial court erred in denying petitioner a hearing on his petition for

a writ of habeas corpus and in refusing to appoint a guardian *ad litem* to assist him, in rephrasing his petition, if necessary, and to insure that his personal rights are protected.

Accordingly, the judgment of the Circuit Court of Randolph County is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.

Judgment reversed and remanded with directions.

EBERSPACHER and CARTER, JJ., concur.