THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* SIDNEY BICKHAM, Defendant-Appellee.

Fifth District   No. 75-157

Opinion filed June 10, 1976.

Herbert J. Lantz, Jr., State's Attorney, of Chester (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, and Robin Kravitz, Law Student, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The State appeals from the circuit court of Randolph County's dismissal of a murder indictment against the defendant, Sidney Bickham, for want of prosecution under section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., ch. 38, 103—5).

This case involves a complex factual situation; this is the second time it has come before us on appeal. The defendant was at all times a prison inmate. He was charged with murder after taking a knife from the inmates' kitchen, walking into the prisoners' dining room, and attacking three prison inmates, killing one of them and seriously wounding the other two.

In the first proceedings, defendant plead guilty to the murder. Certain aspects of the defendant's behavior seemed irrational at the time of trial. Despite requests from the defendant's attorney that an inquiry be conducted to determine whether the defendant was sane, the court refused to order the defendant examined.

The issue of the propriety of the court's failure to order a fitness investigation was presented to this court in *People v. Bickham*, 13 Ill. App. 3d 857, 301 N.E.2d 172. This court ruled that the trial court erred in not ordering a sanity hearing. The judgment was reversed, and the cause was remanded with directions that the plea be stricken and that further proceedings be had consistent with the opinion. From that finding, the People filed a petition in the Illinois Supreme Court for leave to appeal. The petition was denied on February 22, 1974.

At all times mentioned, the defendant was in custody in the State prison at Menard under sentence for another crime.

A writ of *habeas corpus ad prosequendum* was filed by the People, and an order entered on March 14, 1974. On April 2, 1974 (39th day) Edward Fisher was appointed to represent the defendant. Defendant's attorney visited the defendant several times after that appointment at the prison. Based on the interviews, the attorney for defendant decided that defendant would not require a hearing to determine the defendant's fitness to stand trial. This was communicated to the People, and on May 30, 1974, the People moved for the appointment of qualified experts to examine the defendant and for a hearing to determine his competency.

(May 30 was the 97th day since the February 22, 1974, order of denial of leave to appeal.)

The motion was granted on June 10, 1974 (108th day). The defendant refused to be examined by an expert appointed by the court without further consultation with his lawyer.

On October 11, 1974, the defendant moved that he be discharged for failure to prosecute within the 120-day limit set by section 103—5(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(d)).

The argument of the defendant was that the "Motion for Fitness Hearing and Appointment of Qualified Expert" filed by the People ostensibly under section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1) was made for purposes of delay only, and did not present a *bona fide* doubt as to the defendant's fitness, and that the delay resulting from the State's action was both arbitrary and capricious.

The trial court agreed with the defendant's position, and ordered the indictment dismissed for failure to prosecute in a timely fashion. The People have appealed that decision, and argued that the trial court abused its discretion. We agree with the appellant.

Section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) provides as follows:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal.

\* \* \*

(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

Section 104—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., ch. 38, par. 104—2) was repealed by Public Act 77-2097, effective January 1, 1973. It was replaced by section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1). It is clear that the intent of the legislature was that proceedings under section 5—2—1 (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1) would operate to toll the running of the statutory period of section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a))

even though the legislature did not amend that paragraph to reflect the repeal of section 104—2. See Council Commentary, Ill. Ann. Stat., ch. 38, §1005—2—1 (Smith-Hurd 1973); *People v. Gibson*, (1st Dist. 1974), 21 Ill. App. 3d 692, 315 N.E.2d 557, 558-60.

Section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1) provides in material part as follows:

"(b) The question of the defendant's fitness may be raised before trial or during trial. The question of the defendant's fitness to be sentenced may be raised after judgment but before sentence. In either case the question of fitness may be raised by the State, the defendant or the Court.

(c) When a bona fide doubt of the defendant's fitness to stand trial or be sentenced is raised, the court shall order that a determination of that question be made before further proceedings.

\* \* \*

(g) If requested by the State or defendant, the court shall appoint a qualified expert or experts to examine the defendant and testify regarding his fitness. The court shall enter an order on the county board to pay the expert or experts.

■■ Whether or not a psychiatric examination and hearing which will result in delay when applied for should be granted is in the discretion of the trial court. In *People v. Benson*, (1960), 19 Ill. 2d 50, 55, 166 N.E.2d 80 at 83, the court stated:

"Considering the demands of due process, as outlined in *People v. Burson*, 11 Ill. 2d 360, it is our opinion that, in a proper case, a delay necessitated for the purpose of ascertaining a defendant's sanity and mental capacity to be subjected to a criminal prosecution is a permissible delay which does not impair or infringe upon the constitutional right to a speedy trial, or violate the statute enacted to implement the constitutional provision. However, a mere arbitrary suggestion of insanity will not suffice, and whether such ground constitutes a good cause for delay in a given case must be a matter resting within the discretion of the trial court, to be resolved from the particular facts and circumstances before it. On review, the ruling will not be disturbed unless the record shows a clear abuse of discretion. *People v. Kendall*, 7 Ill. 2d 570." Also see *People v. Hugley*, 1 Ill. App. 3d 828, 275 N.E.2d 178.

The trial court ordered the fitness proceedings on June 10, 1974. That was the proper time for the court to use its discretion. The trial court's order on that date was in harmony with this court's decision to reverse the original trial court for refusal to order a fitness hearing when requested by

the defendant's first defense counsel. *People v. Bickham*, 13 Ill. App. 3d 857, 301 N.E.2d 172.

We found in *People v. Bickham*, that a *bona fide* doubt was raised as to the defendant's competency at the time of trial, and that the court was under an obligation to resolve the question before proceeding. The question of the defendant's fitness to stand trial compelled this court to reverse the judgment of the trial court, dismiss the guilty plea, and order the court to begin anew.

It would seem logical that if this court was of the opinion that a *bona fide* question as to defendant's fitness to stand trial existed, the lower court would be correct in ordering a hearing on the question of competency under section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1). It would also seem logical that the delay caused by that proceeding, if any, would be within the exceptions to the 120-day rule provided in section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)).

A case which seems factually similar to this one is *People v. Robinson* (1st Dist. 1970), 130 Ill. App. 2d 29, 264 N.E.2d 484. In that case a murder conviction had been overturned by the United States Supreme Court in *Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836. The trial court had not ordered a competency trial although the evidence raised a *bona fide* doubt as to defendant's competence to stand trial, and the Supreme Court held this was in error.

When the defendant was to be retried, the trial court ordered on its own motion a hearing on competence pursuant to section 104—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1965, ch. 38, par. 104—2) over the defendant's objection. The defendant argued that his right to a speedy trial had been denied due to the delay caused by the fitness proceedings.

Justice Adesko said for the court in *People v. Robinson*:

"We are of the opinion that sufficient facts were present in this case to warrant the trial court's order of a competency hearing which tolled the 120-day rule. The defendant has a long history of mental disorders as disclosed by the Behavior Clinic reports and as set forth in the majority opinion of the United States Supreme Court in Pate v. Robinson, 383 US 375 (1966).

Furthermore, this second trial was conducted after a mandate from the United States Supreme Court in which a new trial was ordered for failure to ascertain the defendant's competency at his previous trial. * * * With these facts established, we feel that the trial court did not abuse its discretion in holding a competency hearing. Even though the Behavior Clinic's report established the defendant's competency, the trial judge cannot be criticized for

taking the precaution of conducting a hearing which resulted in a jury verdict finding the defendant competent to stand trial. Therefore, we hold that the defendant was not deprived of the right to a speedy trial." 130 Ill. App. 2d 29, 33.

The case before us appears at first glance to be more complicated than *People v. Robinson,* because the same trial judge who originally used his discretion to order the fitness hearing on June 10, 1974, later decided that the motion of the State contained only a "mere arbitrary suggestion of insanity" and that as a result section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) was not tolled by the competency hearing it had ordered.

The State argues that the trial court abused its discretion in finding the competency hearing unwarranted and unsupported at this late date, and therefore, unable to toll the running of the 120 days in view of the fact that this judge had originally ordered the hearing.

We would state that the trial court's error was in applying, or attempting to apply, its discretion at all to the matter after the hearing had been properly ordered. It was not the trial court's function to apply its discretion at that late date.

The trial court's analysis is set out in its letter explaining the decision to dismiss the indictment dated March 17, 1974. The trial court said at page 21C of the record:

"After having considered this matter at great length, I am of the opinion that defendant's motion for discharge under the 120 day rule must be granted, and the charge dismissed.

From the information presented it is apparent that the defendant is and has been constantly an inmate at Menard, and has therefore been in custody. The mandate of the Supreme Court is dated Feb. 22, 1974 and that is the date from which the 120 days is to be counted. After Feb. 22 the first proceedings in the matter involved the appointment of counsel for the defendant on April 2, 1974, and the next proceedings were the filing of the motion by the States Attorney, filed May 30, 1974, for the competency hearing, and the signing of the order for the hearing on or about June 10 by myself without hearing and presentation of evidence, on the special assignment of the Chief Judge. At that time there had not been any trial setting for this matter, or any jury call made, and it would have been virtually impossible to have called a jury and been ready for final hearing in this matter before the expiration of the 120th day.

A mere arbitrary suggestion of insanity will not suffice to toll statute, and the question whether investigation to ascertain sanity constitutes good cause for delay of prosecution is matter of

discretion with court, and is to be resolved from particular facts and circumstances. People vs. Hugley, 275 NE2 178. A bona fide doubt is required, and a petition not filed in good faith is not sufficient. People vs. Gibson, 315 NE 2 557, People vs. Shrake, 25 Ill. 2d 141, People vs. Hugley.

A petition filed at a much earlier date and based upon the decision of the appellate courts action, so that the competency hearing, etc. could be disposed of much earlier, would in my opinion have tolled the statute. However the present petition filed at a time when it is not possible to proceed and determine competency within 120 days, much less begin trial, is an arbitrary suggestion of insanity, made for purpose of delay and not for good cause."

The trial court finds fault with the fact that the State's motion wasn't filed until the 97th day of the running of the statute, but notes that:

"A petition filed at a much earlier date and based upon the decision of the appellate courts [*sic*] action so that the competency hearing, etc. could be disposed of much earlier, would in my opinion have tolled the statute."

It seems clear to us that under our previous decision on the earlier appeal, *People v. Bickham*, a competency hearing was mandated much as the court found in *People v. Robinson*. It also seems clear under the statute (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(b)) that either the court, the State, or the defendant could have raised the issue, and that in view of our order, the trial court should have ordered the competency hearing "early on," and not relied upon the State or defendant to do so. We note that the trial judge was not appointed to the case until after the State's motion was made, but that does not mean that one of the judges sitting on that trial bench was not responsible for ordering the hearing.

The fact that the motion was finally presented on May 30 (97th day) and ordered June 10 (108th day) is not determinative in view of the fact that the State was not informed by the defendant's attorney that the defendant would not seek the hearing until shortly before the State was forced to file its motion.

It is clear from the trial court's letter that it felt "the present petition was filed at a time when it was not possible to proceed and determine competency within 120 days, much less begin trial, (and therefore) is an arbitrary suggestion of insanity, made for purposes of delay and not for good cause." Record 21—C.

■■ Since the question of fitness may be raised before *or during trial* by the State, the defendant or the court under section 5—2—1(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—

1(b)), it is difficult to follow the logic of the court in holding the State to a requirement of filing its motion in the period "early on" in the 120-day period. The date of filing is a fact which the trial court may consider in its original discretionary decision on whether or not to order a section 5—2—1 hearing. That was not the case presented here.

The other issues presented by appellant's brief are not considered. This cause is remanded again to the trial court for proceedings consistent with this opinion. Upon remand, the trial court is ordered to reinstate the indictment and to conduct a hearing on the competency of the defendant consistent with section 5—2—1 (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1). Delay occasioned by the hearing will toll the running of the 120 days under section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)).

Reversed and remanded with directions.

G. J. MORAN and JONES, JJ., concur.