THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
GEORGE COLE, Defendant-Appellee.

Fifth District   No. 77-238

Opinion filed August 17, 1978.—Supplemental opinion filed on denial of rehearing
November 16, 1978.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish and Martin N. Ashley, both of Illinois State's Attorneys Association, of counsel), for the People.

Michael J. Rosborough and Debra Knight Loy, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

The State appeals the order of the Circuit Court of St. Clair County dismissing the charges against the defendant, George Cole. For the reasons stated below, we reverse.

Defendant was indicted for burglary on April 4, 1975, and arraigned soon thereafter. A fitness hearing was held on September 26, 1975, and defendant was declared unfit to stand trial. He was placed in the custody of the Department of Mental Health. On November 3, 1976, the chief counsel of the Department wrote to the St. Clair County State's Attorney informing him that in the opinion of the staff of the Alton Mental Health Center the defendant was competent to stand trial. On January 7, 1977, almost 16 months after the first hearing, defendant was found fit to stand trial.

Arguing that his right to a speedy trial was violated because he did not receive the periodic competency reviews mandated by section 5—2—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—2(b)), defendant moved to dismiss the charges. On March 8, 1977, this motion was granted.

Section 5—2—2(b), pertaining to a defendant found unfit to stand trial, states:

"A defendant hospitalized under this Section shall be returned to the court not more than 90 days after the court's original finding of unfitness, and each 12 months thereafter. At such re-examination the court may proceed, find, and order as in the first instance under paragraph (a) of this Section. If the court finds that defendant continues to be unfit to stand trial or be sentenced but that he no longer requires hospitalization, the defendant shall be released under paragraph (a) of this Section on bail or recognizance. Either the State or the defendant may at any time petition the court for review of the defendant's fitness."

Also pertinent to this decision is section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5), which is the statutory means of protecting an accused's constitutional right to a speedy trial. Because the common law record neither contains a bail bond nor refers to recognizance, we presume that the defendant was held in custody following his arrest, thereby entitling him to the protection of section 103—5(a). That section states as follows:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an inter-locutory appeal."

Section 103—5 refers to a "competency" hearing conducted pursuant to

section 104—2 (Ill. Rev. Stat. 1971, ch. 38, par. 104—2). That section, since repealed, has been replaced by section 5—2—1 (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1). Although the legislature has not amended section 103—5 so that it explicitly conforms to this change from "competency" to "fitness," we have held that the legislature in fact intended the reference to the former section to be replaced by a reference to section 5—2—1. *People v. Bickham*, 39 Ill. App. 3d 358, 360-61, 350 N.E.2d 351, 353 (5th Dist. 1976).

The defendant's fitness to stand trial was reviewed neither 90 days nor 12 months after he was found to be unfit. Thus the effect of noncompliance with section 5—2—2 is the issue in this case. We have found no case of a similar nature. The defendant asserts, and we agree, that the State must bear the responsibility for this error. However, the defendant further asserts, and the trial court so ruled, that the error creates a violation of defendant's right to a speedy trial. With this proposition we disagree.

■■ Our statutory protection of this right, section 103—5, states that the time period during which an accused must be tried tolls during the period when he is unfit to stand trial. George Cole was found unfit. While clearly improper, the fact that a review hearing was not held on schedule does not, with respect to section 103—5, disturb the presumption of defendant's continuing unfitness. Therefore, the 120-day period provided by section 103—5 did not resume until defendant was found fit to stand trial on January 7, 1977.

Necessarily, an analysis of the constitutional guarantee to a speedy trial involves different considerations. It has been held that our statute providing fitness review procedures, section 5—2—2, is constitutional on its face and satisfies the due process requirements of *Jackson v. Indiana*, 406 U.S. 715, 32 L. Ed. 2d 435, 92 S. Ct. 1845 (1972). (*People v. Williams*, 48 Ill. App. 3d 842, 847-48, 362 N.E.2d 1306, 1311 (1st Dist. 1977).) But what should result in light of noncompliance with that section? *Barker v. Wingo* requires a close analysis of each case, with particular attention to the following factors: the length of the delay; the reasons assigned by the government for the delay; the defendant's assertion of his right to a speedy trial; and the prejudice, if any, to the defendant. (*Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, 2192 (1972).)

In the present case, the actual reasons for the delay are unclear. If defendant continued to be unfit during that period, then the trial could not have been held. If defendant in fact had regained his fitness while he was being held, he could have requested on his own motion a restoration hearing. As quoted above, section 5—2—2 states that the defendant may petition at any time for a review of his fitness. Furthermore, section 10—1 of the Mental Health Code provides that any person who has been

hospitalized for mental treatment may petition at any time for review of his status. (Ill. Rev. Stat. 1975, ch. 91½, par. 10—1.) Defendant has been represented throughout by counsel. Also, although not determinative (see *Moore v. Arizona*, 414 U.S. 25, 38 L. Ed. 2d 183, 94 S. Ct. 188 (1973)), defendant does not allege any actual prejudice caused by the delay.

■■ Therefore, although the State erred in failing to provide the restoration hearings, we hold that that failure did not deprive defendant of any rights provided by section 103—5 of the Code of Criminal Procedure of 1963, nor did the delay result in a denial of defendant's constitutional right to a speedy trial. Consequently, the judgment of the Circuit Court of St. Clair County is reversed and this case is remanded for trial.

Reversed and remanded.

EBERSPACHER, P. J., and HICKMAN, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE KARNS delivered the opinion of the court:

■■ The defendant has filed a petition for rehearing calling to the court's attention its failure to address, at least explicitly, the issue raised by defendant that the failure to provide the periodic reviews required by statute and discussed in our opinion was "a denial of due process in and of itself, aside from the issue of whether such failure was a denial of the defendant's right to a speedy trial." We feel that our opinion implicitly holds, in our discussion of the other constitutional issues raised by defendant, that the failure to provide the periodic statutory reviews under the facts of this case was not a denial of due process.

The petition for rehearing is therefore denied.

EBERSPACHER, P. J., and HICKMAN, J., concur.