THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT UNDERWOOD, Defendant-Appellee.

First District (3rd Division)   No. 81—1016

Opinion filed December 22, 1982.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Gregory J. Ellis, Assistant State's Attorneys, of counsel), for the People.

510

Steven Clark and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant, Robert Underwood, who had been charged by information with burglary, was adjudicated unfit to stand trial and committed to the Department of Mental Health and Developmental Disabilities (Department) on June 21, 1979. His adjudication of incompetence tolled the running of the speedy-trial statute (Ill. Rev. Stat. 1979, ch. 38, par. 103—5). The question raised by this appeal is whether the tolling ended and the running of time under the speedy-trial provisions recommenced when the State failed to accord the defendant a fitness hearing required by section 104—28(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 104—28(b)).

Sections 104—27 and 104—28 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, pars. 104—27, 104—28) became effective on December 28, 1979, and they provide a system for review of the condition of persons who, like the defendant, had been found unfit prior to that date. Section 104—27(a) provides:

"Within 180 days after the effective date of this Article, the Department of Mental Health and Developmental Disabilities shall compile a report on each defendant under its custody who was found unfit or incompetent to stand trial *** prior to the effective date of this Article. ***"

Section 104—27(b) provides:

"The reports shall be forwarded to the Administrative Office of the Illinois Courts which shall distribute copies thereof to the chief judge of the court in which the criminal charges were originally filed, to the state's attorney and the public defender of the same county, and to the defendant's attorney of record, if any. ***"

Section 104—28(b) provides:

"[T]he court shall conduct a hearing pursuant to Section 104—20 forthwith to redetermine the issue of the defendant's fitness to stand trial or to plead."

Following the June 21, 1979, finding of unfitness and commitment to the Department, defendant remained in the Department's custody until April 1, 1981, when he was brought before the trial court on his motion to dismiss for failure to comply with the speedy trial provisions of section 103—5. It is undisputed that defendant was not given the hearing required by section 104—28. On April 1, 1981, the trial

court found that defendant remained unfit to stand trial, and subsequently it granted his motion to dismiss. The State appeals this ruling.

Defendant argues that the 180-day report required by section 104—27(a) was due to be completed no later than June 28, 1980, and that the hearing required by section 104—28 should have taken place "forthwith" in late June or July of 1980.[1] Since parties agree that the evidence before the trial court established that during the period between June 21, 1979, and April 1, 1981, defendant remained continuously unfit to stand trial, it is undisputed that had a timely review hearing been held defendant would have been found still unfit more than one year after the original finding of unfitness. Therefore, defendant argues that under the express terms of section 104—28, he would be subject to section 104—23 (Ill. Rev. Stat., 1980 Supp., ch. 38, par. 104—23), which provided in pertinent part:

"*** if at the end of one year from that date (the date of the original·finding of unfitness) the court finds the defendant still unfit *** the speedy trial provisions of Section 103—5 shall commence to run ***."[2]

Thus, according to defendant, the 120-day term of section 103—5(a) began to run when the fitness hearing should have been held and had expired well before April 1, 1981, when the trial court first considered defendant's motion to dismiss. The State, to the contrary, contends that the speedy-trial provisions did not commence to run until April 1, 1981, when the trial court in fact had a fitness hearing and found that defendant remained unfit to stand trial. Defendant does not dispute the State's contention that if the speedy-trial provisions commenced to run on that date, there had been no violation of defendant's statutory right to a speedy trial.

Thus, the dispositive question is when did the speedy-trial provisions of section 103—5 commence to run. If they did not commence until April 1, 1981, there was no violation of defendant's statutory right to a speedy trial. If they commenced during the summer of 1980, defendant was denied his statutory right, and the trial court should be affirmed.

---

[1]Defendant's argument proceeds on the assumption that the report would not be prepared until the last day of the 180-day period. If the report had been prepared earlier, the hearing required by section 104—28(b) could have occurred prior to one year after the original finding of unfitness. However, since we ultimately hold that defendant was not denied his statutory right to a speedy trial, we will accept defendant's assumption for purposes of argument.

[2]See footnote 3.

512

Section 103—5(a) provides:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless the delay is occasioned \*\*\* by an adjudication of incompetency for trial, \*\*\*."

■■ Although section 103—5(a) refers to "competency" rather than "fitness," Illinois courts have held that "the present standard of 'unfitness' must be equated with 'incompetence' for the purposes of tolling the speedy trial term." (*People v. Williams* (1977), 48 Ill. App. 3d 842, 849, 362 N.E.2d 1306; see *People v. Cole* (1978), 66 Ill. App. 3d 210, 211-12, 383 N.E.2d 613.) Thus, under our statutory protection of the right to a speedy trial, the time period during which an accused's trial must commence so as to satisfy the speedy trial statute tolls during the period when he is unfit to stand trial. (See *People v. Cole* (1978), 66 Ill. App. 3d 210, 212; *People v. Williams* (1977), 48 Ill. App. 3d 842, 849.) The parties agree that the finding of unfitness on June 21, 1979, tolled the running of the speedy trial statute.

■■ An Illinois statute also provides for the running of the speedy trial provisions of section 103—5 after a finding of unfitness. Section 104—23, prior to its amendment by Public Act 82—577, effective September 24, 1981, provided that after a finding of unfitness the speedy trial provisions shall commence to run upon the occurrence of any one of the following three circumstances:

(1) the filing of a motion for a discharge hearing by the defendant or his attorney;

(2) a court determination that "there is not a substantial probability that the defendant will become fit to stand trial or to plead within one year from the date of the original finding of unfitness"; or

(3) a court finding at the end of one year from the date of the original finding of unfitness that the defendant remains unfit. (Ill. Rev. Stat., 1980 Supp., ch. 38, par. 104—23(a) and (b).)[3]

None of these circumstances occurred prior to April 1, 1981. Defendant's argument is based on the third circumstance. He argues that if the hearing required by section 104—28 had been held in late June or July of 1980, the trial court would have made a finding more than one

---

[3]The references to the speedy trial provisions in section 104—23(a) and (b) were deleted by Public Act 82—577. That amendment also added subparagraph (c) which provides: "If the defendant is restored to fitness and the original charges against him are reinstated, the speedy trial provisions of Section 103—5 shall commence to run."

year after the original finding of unfitness that he remained unfit, and the speedy-trial provisions would have commenced to run. His argument, however, is based on what should have occurred and not what actually occurred. The trial court did not make a second finding of unfitness until April 1, 1981, and therefore, the speedy-trial provisions did not commence to run until that date. While it was improper not to have a timely fitness hearing as required by section 104—28, we hold that the fact that a section 104—28(b) hearing was not held does not cause the speedy-trial provisions of section 103—5 to commence to run. (See *People v. Cole* (1978), 66 Ill. App. 3d 210, 212.) In short, none of the three circumstances under section 104—23 which would have caused the speedy-trial provisions to commence to run occurred, and the speedy trial term was tolled, until April 1, 1981, by the June 21, 1979, adjudication of unfitness to stand trial. Accordingly, we find no violation of defendant's statutory right to a speedy trial.[4]

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded.

McNAMARA and RIZZI, JJ., concur.

---

[4]No question was raised in the court below or in this court concerning defendant's constitutional right to a speedy trial (U.S. Const., amends. VI and XIV; Ill. Const. 1970, art. I, sec. 8).